CARIDAD LÓPEZ, Plaintiff and Appellant, *v.* BENIGNO RODRÍGUEZ PIETRI, Defendant and Appellee.

No. 9660.   Argued April 7, 1948.—Decided May 17, 1948.

*Luis E. Dubón* and *Fernando Zapater* for appellant.  *Leopoldo Tormes García* and *Vicente Zayas Pizarro* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The District Court of Ponce rendered judgment dismissing the complaint of filiation in this case.   The plaintiff was born in 1908 and she based her action on Subdivisions 2 and 3 of § 189 of the Civil Code of 1902, in force at that time, which provided:

"Section 189.—A father is obliged to recognize his illegitimate child in the following cases:

"1. .      .      .      .      .      .      .      .      .

"2 When publicly or privately he has shown that it is his child, or has called it as such in conversation, or looks after its education and maintenance.

"3. When the mother was known to have lived in concubinage with the father during the pregnancy or birth of the child, or when the child was born while his parents were engaged to be married, *(relaciones amorosas)*."

After making an extensive analysis of the ample evidence presented by the parties, the lower court reached the conclusion that the plaintiff did not prove that her mother, Felina López, was known to have lived in concubinage with the defendant Benigno Rodríguez Pietri, or that the latter had treated plaintiff, either publicly or privately, as his daughter or had called her such in conversation or had taken care of her education and support.

In this appeal plaintiff alleges that the trial court erred in weighing the evidence as to the two causes of filiation alleged by her.

This is one of the many cases where the evidence is contradictory and wherein the lower court, in settling the conflict, expressly states that it did not believe plaintiff's evidence consisting of her own testimony and that of her mother, her foster-father and her sister, but that it did believe defendant's evidence which consisted not only of his own

testimony but also of several witnesses from Guayanilla, among whom were some mentioned by the plaintiff in her testimony as having witnessed the acts of filial acknowledgment, which acts they denied.

We have carefully read the three hundred eight pages of the transcript of the evidence and we are convinced that plaintiff did not prove that her mother Felina López lived in concubinage with the defendant, as we have repeatedly held that it must be proved. *Bianchi* v. *Heirs of Bianchi*, 67 P.R.R. 557 and cases cited therein; *Vázquez* v. *De Jesús*, 65 P.R.R. 846; *Montañez* v. *Rodríguez*, 67 P.R.R. 198.[1] And in all these cases the court considered and cited *Colón* v. *Heirs of Tristani*, 44 P.R.R. 163, on which appellant mainly rests her appeal.

The scope of *Colón* v. *Heirs of Tristani, supra,* as to the concubinage was fully explained on its reconsideration, 45 P.R.R. 219, where it was said: "We have not considered the relations of a man and his mistress equivalent to a concubinage." This case, like the present, was based, not only on concubinage, but also on the possession of the status of natural son. However, between that case and the one at bar, there is a great difference. While in the *Tristani* case the lower court found that Josefa Colón was the mistress of Tristani and, besides, that the latter performed a number of acts which according to the Court, were equivalent to the possession of status, in the present case the lower court did not believe plaintiff's evidence as to the concubinage nor as to the possession of status. We can not, nor is there any reason why we should, enter to consider and decide the implications that the *Tristani* case might have in the present case and others where the state of facts found proved by the district courts is different. Each case must be decided on the facts supported by the evidence believed by the court.

---

[1] Although the scope of these cases was explained and restricted in *People* v. *Rodríguez,* 67 P.R.R. 688, in connection with the right to support after the paternity is proved, the rule as to the evidence needed to prove the concubinage was ratified in both cases.

■■ Unless manifest error, passion, bias or partiality is committed in weighing the evidence, we shall always feel inclined to respect the findings of the district courts, except in those cases where it is otherwise shown by the uncontroverted evidence and this would, of course, fall within the scope of manifest error. In cases like the one at bar we have generally held that we shall not reverse the conclusion of the trial court. *Mercado* v. *Heirs of Mangual,* 35 P.R.R. 388, *Castro et al.* v. *Quiñonez,* 29 P.R.R. 692; *Montalvo* v. *Montalvo et al.,* 25 P.R.R. 800.

We can not agree with the appellant that the lower court was bound to believe her evidence because of contradictions in the testimony of defendant's witnesses. These contradictions appear in defendant's as well as in appellant's evidence. The facts involved took place, as to the concubinage, in 1907, and up to 1927 as to the possession of status. It is indeed strange that neither as to the former nor as to the latter, appellant was able to bring a single witness outside of her family. Nevertheless, defendant showed through evidence which was believed by the court, that appellant's mother not only had relations, but that she lived with appellant's foster-father at the time of her birth, and that she had previously had another daughter, Isabel, with another man. Likewise, appellant's evidence, as to the acts of acknowledgment performed by the defendant at different times, treating her publicly as a daughter and showing interest in her studies was contradicted by defendant's evidence and this includes, as we have said, the testimony of Carmen García and Rafael Dávila, who were mentioned by the plaintiff as witnesses of some of those acts which they denied. If the lower court had believed the evidence of the appellant and would have rendered judgment for her, we would have been likewise inclined to respect its decision.

The judgment of the lower court will be affirmed.

Mr. Justice De Jesús did not participate herein.